# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
     v.                      )     ID No.      2205010070
                             )
ALBERT WICKKISER,            )
                             )
     Defendant.              )

# <u>ORDER</u>

1.  On this 2nd day of January, 2024, upon consideration of Defendant Albert Wickkiser's ("Defendant") *pro se* Motion for Sentence Reduction made pursuant to Superior Court Criminal Rule 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On September 5, 2023, Defendant pled guilty to Disregarding a Police Officer's Signal (Class E Felony).[2]  On the same day, the Court sentenced him to five years of Level V supervision, followed by one year of Level III supervision.[3]

3.  On October 2, 2023, Defendant's instant Motion was referred to this Court.[4] In the Motion, Defendant asks this Court to modify his sentence to five years of

---

[1] D.I. 12.  Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks the Court to reduce the duration and level of confinement of his sentence.
[2] D.I. 10.
[3] D.I. 11.
[4] D.I. 12.  The Motion is undated.

Level V supervision, suspended after one year for six months of Level II supervision.[5]

4. Defendant argues that the Court should make this modification because (1) he is being held pending extradition to Maryland and Pennsylvania for other charges and (2) he has been convicted of violating the terms of probation in other cases.[6]

5. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[7] If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[8] Rule 35(b) also authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time."

6. Defendant's Motion was made less than ninety days after he was sentenced and is his first motion to reduce that sentence, so it is timely and non-repetitive. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[9]

---

[5] *Id.* Elsewhere in the Motion, Defendant asks this Court to "suspend level 3 probation for [an] equal amount in level 5 followed by 6 months level 2 probation."

[6] *Id.*

[7] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[8] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

[9] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).

7.  After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction or modification.  Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Albert Wickkiser (SBI #00405098)

3